UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| REZA YAZDIAN, | : | Case No. 1:12CV951 |
| Plaintiff, | : | Judge Sandra Beckwith (Magistrate Judge Bowman) |
| vs. | : | **STIPULATION AND** |
| CONMED ENDOSCOPIC TECHNOLOGIES, INC. d/b/a CONMED CORPORATION, | : | **PROTECTIVE ORDER** |
| | : | |
| Defendant. | : | |

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rules 26 and 29 of the Federal Rules of Civil Procedure, that:

1. (a) This Stipulation and Order shall govern disclosure, handling and use of all documents, testimony and other information, including all copies, excerpts and summaries therefore (collectively "material"), produced, given, or filed by the parties during discovery and summary judgment proceedings in this action with respect to confidential or privileged information.

(b) The provisions of this Stipulation and Order shall apply to any party in this case who desires to review the material and any other person producing or disclosing material in this action who agrees to be bound by the terms of this Stipulation and Order. However, nothing herein shall be construed to modify the restrictions set out below in Section 3 regarding access to Confidential Material.

(c) As used herein, "person" includes the named parties and those defined in 3(b) herein who have agreed to be bound by this Stipulation and Order.

2. Any person may designate as "Confidential" any material produced in the course of discovery and summary judgment proceedings herein only when such designating person in good faith believes that such material contains material that is privileged or confidential under the laws of Ohio or the United States and such confidence or privilege has not been waived by disclosure to the public. Any party who believes material should be considered "Confidential" although it does not fall strictly within those guidelines may make application to the Court that the material be so considered.

3. Confidential material shall be subject to the following restrictions:

(a) Confidential material shall be used only for the purposes of this litigation (including appeals) and not for any business or other purpose whatsoever and shall not be given, shown, made available, or communicated in any way to anyone except those to whom it is necessary that such material be given or shown for the purposes permitted under this paragraph, as set forth in subparagraph (b) below.

(b) Confidential material shall be disclosed, for the purposes set forth above, only to:

(i) counsel of record for the parties and employees of counsel and experts retained by counsel;

2

        (ii)  the Court (including court reporters, stenographic reporters, and court personnel);

        (iii)  any person as further ordered by the Court;

        (iv)  the parties and insurance providers for the parties; and

        (v)  deponents and potential witnesses, if the confidential material is relevant.

    4.  Any person to whom Confidential material is disclosed shall first be advised by the person making the disclosure that, pursuant to this Protective Order, such person shall not divulge such material to any other person other than in accordance with this Protective Order. Further, each person to whom Confidential material is disclosed must be advised that a violation of this Order may constitute contempt of a court order. Except for counsel of record and the law firm or law department employees working under counsel's direction, as well as the Court and its personnel, each person to whom any Confidential Information is disclosed shall execute the Acknowledgement attached hereto prior to receiving any such confidential information. Counsel for each Party shall maintain executed Acknowledgements on file during the pendency of this litigation, as well as to send a copy of each executed Acknowledgement to all counsel of record.

      (a)  All pleadings or other court filings which incorporate or disclose confidential material shall be filed with or received by the Court in a sealed envelope or other

container marked on the outside with the title of the action, and identification of each item therein and a statement as follows:

CONFIDENTIAL INFORMATION

SUBJECT TO COURT PROTECTIVE ORDER

 (b) Notwithstanding any of the foregoing provisions, this Stipulation and Protective Order had no effect upon, and its scope shall not extend to, any person's use of its own confidential material.

5. Each person given access to confidential material pursuant to the terms hereof shall be advised that the confidential material is being disclosed pursuant to and subject to the terms hereof. The signature on this Stipulation and Order of a member of a law firm acting as litigation counsel to a party shall constitute an agreement by all attorneys, all parties represented by those attorneys, all insurance representatives of the parties, all experts retained by attorneys in this action and employees of that firm to so be bound.

6. The failure of any party, attorney, or other person subject to this Stipulation and Protective Order to abide by the terms and conditions hereof shall be referred to this Court for appropriate action.

7. Confidential material shall be designated as follows:

 (a) In the case of documents, designation shall be made by placing the legend "Confidential" on the document. If there are a series of documents, some of which contain

confidential material, any such document or section thereof that contains confidential material shall be so marked.

(b) In the case of interrogatory answers, designation shall be made by placing the legend "Confidential" on each page of any answer that contains confidential material.

(c) In the case of deposition testimony, counsel for the testifying person may designate on the record at any time of the deposition those portions of testimony to be treated as "Confidential." Those designated portions, if transcribed, shall be prepared in a separate transcript marked as "Confidential" and, if filed with the Court, shall be filed under seal pursuant to paragraph 4(a) above. Additionally, within thirty days after receipt of the deposition transcript, a party may designate in writing, served upon all counsel, that specific portions of the transcript be "Confidential". During the deposition, no objection shall be interposed that an answer would elicit confidential information.

(d) All briefs, pleadings, or other filings with the Court that incorporate or disclose confidential materials shall be appropriately labeled on the cover page and filed under seal.

(e) The confidential material will be kept in the custody and care of the persons authorized to receive such confidential material under the provisions of Section 3 of this Order.

8.  (a)  Any party may at any time, on reasonable notice, seek (i) modification of this Stipulation and Order, or (ii) relief from the provisions of this Stipulation and Order with respect to specific material.

    (b)  A party shall not be obligated to challenge the propriety of the designation of material as confidential material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation, it shall send or give notice to the designating person, and they shall attempt to resolve any challenge in good faith and on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating person or the challenging party may, on reasonable notice, apply for appropriate rulings from the Court. The designating party shall always have the burden of establishing the confidential nature of any material under the laws of Ohio or the United States.

    This agreement shall have no effect on the use of designated material at trial. If the designating party seeks to assert confidentiality or privilege as to any material at trial, the party shall have the burden of proving confidence or privilege at that time. The material in issue shall continue to be treated as designated confidential until the Court makes a determination regarding confidence or privilege.

9.  This Protective Order does not affect any party's right to assert that in camera review of information or documents is appropriate for a determination as to discoverability, that other protective orders should be issued, or that other procedures should be employed at hearing regarding Confidential Material.

6

10. This Stipulation and Order, insofar as it restricts the communication and use of confidential material, shall continue to be binding throughout and after the conclusion of this litigation, including any appeals.

11. Any material which was possessed by a receiving party prior to its disclosure by the producing party or comes within the possession of such other party through means not constituting breach of this Stipulation and Order need not be treated as confidential material under the terms of this Stipulation and Order.

12. The parties do not waive any rights they may otherwise have by execution of this Stipulation and Protective Order. Nothing in this Order shall prevent any party from seeking modification of this Order, or from objecting to discovery that it believes to be improper. The Court may enter such other or further orders that it deems appropriate and this Stipulation and Protective Order is without prejudice to the right to any party to apply for further order including, but not limited to, a protective order providing greater protection for certain documents or categories of documents and without prejudice to the parties agreeing to a modification thereof.

13. Within thirty days after the termination of this action, including the final disposition of any appeal, "Confidential" discovery materials and all copies, included but not limited to any notes, abstracts, summaries, or other materials relating to or referring to such "Confidential" discovery material shall be returned to counsel or other party who initially produced such documents. Should counsel choose to provide an affidavit evidencing the destruction of these documents, that affidavit will be accept in lieu of the return of these

7

documents. Counsel of record may retain pleadings, documents filed with the Court, and any work product and copies thereof, all of which shall remain subject to this Order.

14. This Stipulation and Order shall be submitted to the Court, with request that it be executed and filed by the Court, immediately upon execution by the parties. Prior to approval by the Court, this Stipulation and Protective Order shall be effective as if approved.

IT IS SO ORDERED.

*Stephanie K Bowman*
Judge

Douglas S. Weigle, Esq.
Bar Roll No.: 0000747
Justin W. Bartlett, Esq.
Bar Roll No.: 0081914
BARTLETT & WEIGLE, L.P.A.
Attorneys for Plaintiff Reza Yazdian
Office and Post Office Address
432 Walnut Street - Suite 1100
Cincinnati, Ohio 45202
Telephone: (513) 241-3992
Facsimile: (513) 241-1816

Laura L. Spring, Esq.
SUGARMAN LAW FIRM, LLP
Attorneys for ConMed Endoscopic
Technologies. Inc., d/b/a ConMed Corporation
Office and Post Office Address
211 West Jefferson Street
Syracuse, New York 13202
Telephone: (315) 474-2943
Facsimile: (315) 474-0235
lspring@sugarmanlaw.com

Colleen M. Blandford, Esq.
Bar Roll No.: 0061877
KOHNEN & PATTON, LLP
Attorneys for ConMed Endoscopic Technologies. Inc., d/b/a ConMed Corporation
Office and Post Office Address
201 East Fifth Street
PNC Center
Cincinnati, Ohio 45202-4190
Telephone: (513) 381-0656
Facsimile: (513) 381-5823
Email: cblandford@kplaw.com

8