**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Reza Yazdian, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:12-CV-951 |
| | ) |
| vs. | ) |
| | ) |
| ConMed Endoscopic | ) |
| Technologies, Inc., | ) |
| | ) |
| Defendant. | ) |

O R D E R

This matter is before the Court on Defendant ConMed Endoscopic Technologies, Inc.'s motion for summary judgment (Doc. No. 65). For the reasons that follow, Defendant's motion for summary judgment is not well-taken and is **DENIED.**

This case is back before the Court on remand from the Sixth Circuit Court of Appeals with a mandate to determine whether a reasonable person in Plaintiff Reza Yazdian's situation could reasonably have believed that he was subjected to a hostile work environment because of a protected characteristic. Yazdian v. ConMed Endoscopic Tech., Inc., 793 F.3d 634, 646-47 (6th Cir. 2015). If a reasonable person in Plaintiff's situation would have believed that he was subjected to a hostile work environment, then his complaints of discrimination to Defendant were protected activity under Title VII and this case must proceed to trial on his retaliation claim. Id.

The factual background of this case has been set out at length both by this Court, Yazdian v. ConMed Endoscopic Tech., Inc., 30 F. Supp.3d 688, 691-97 (S.D. Ohio 2014), and by the Court of Appeals. Yazdian, 793 F.3d at 640-44. The Court, therefore, will not recite the pertinent facts once again. As stated, the question before the Court is whether

a reasonable person in Plaintiff's position could have believed that he was subjected to a hostile work environment because of a protected characteristic. In this case, the protected characteristics are Plaintiff's Iranian national origin and his Muslim religion.

The Sixth Circuit was clear that the objective reasonableness of the plaintiff's belief can be decided as a matter of law only "when no reasonable person could have believed that the facts known to the employee amounted to a violation or otherwise justified the employee's belief that illegal conduct was occurring." Yazdian, 793 F.3d at 646. The reasonableness of the employee's belief depends "on the totality of the circumstances known (or reasonably albeit mistakenly perceived) by the employee at the time of the complaint, analyzed in light of the employee's training and experience." Id. at 647. Under this standard, the Court cannot conclude as a matter of law that a reasonable person in Plaintiff's situation could not have believed that he subjected to a hostile work environment. Accordingly, Defendant is not entitled to summary judgment on Plaintiff's retaliation claim.

In assessing whether Plaintiff reasonably believed he was subjected to a hostile environment, it is important not to examine each incident in isolation to determine its discriminatory impact. Williams v. General Motors Corp., 187 F.3d 553, 562 (6th Cir. 1999). Rather, the court must examine the employee's work environment as a whole to determine whether it was objectively hostile. Id. at 563. The accumulated effect of even minor incidents may be sufficient to constitute a hostile work environment. Id. Thus, in this case for instance, even though the Court of Appeals agreed that the alleged discriminatory incidents Plaintiff cited as pretext for his termination were trivial, Yazdian, 793 F.3d at 655-56, the cumulative effect of these incidents could cause a reasonable person to conclude that his work environment was hostile. Two of the incidents, the National Geographic

article and the Honey Baked Ham gift certificate, specifically related to Plaintiff's national origin and religion. The other two incidents involved differential treatment between Plaintiff and other similarly-situated employees not within the protected class. Id.

Moreover, according to the Court of Appeals, Plaintiff was arguably subjected to unwarranted criticism concerning his behavior and attitude. Id. at 653. Plaintiff cites other incidents of alleged hostility in his brief, such as when Tim Sweatt, his supervisor, compelled Plaintiff to attend a sales conference despite being his asked to be excused due to the recent death of his mother, or when Sweatt allegedly told him that he "dressed like a fag." Plaintiff also cites other slights in his brief, such as being removed from his "super-user" role and Sweatt's rejection of his article for the company sales newsletter. While it is true that none of these incidents directly implicate Plaintiff's national origin and religion, viewed in his favor, they could be considered to depict a pattern of hostility directed at Plaintiff from Sweatt. See, e.g., Clay v. United Parcel Serv., Inc., 501 F.3d 695, 706-07(6th Cir. 2007) (plaintiff stated claim for hostile work environment where her supervisor criticized her for conduct for which non-protected co-workers were not). These incidents, when coupled with the other incidents which do specifically reference his national origin and religion, could lead a juror to conclude that it was reasonable, if mistaken, for Plaintiff to have believed that Defendant, and Sweatt in particular, was subjecting him to hostile work environment.

Accordingly, Defendant is not entitled to summary judgment on the issue whether a reasonable person in Plaintiff's situation would have believed that he was subjected to a hostile work environment.  The motion for summary judgment, therefore, is not well-taken and is **DENIED.**

**IT IS SO ORDERED**

Date November 9, 2015                                  s/Sandra S. Beckwith
                                                                Sandra S. Beckwith
                                             Senior United States District Judge